UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY OLSEN,

        Plaintiff,

  v.

                              Case No. 19-cv-958-pp

ANDREW SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff states that he is not married, not employed, and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff has no income other than foodshare of $192 per month, and he lists expenses of $100 per month for food. Id. at 2. The plaintiff does not own a home or a car or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff says he is "currently homeless—residing at Guest House of Milwaukee Shelter" and while the plaintiff indicates that he has a $400 balance on his foodshare card, he states that it "can only be spent on food." Id. at 4. The

1

plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that his is disabled and has been denied benefits. Dkt. No. 1 at 1. The plaintiff alleges that the conclusions and findings of facts of the Commissioner stated in the denial of benefits are not supported by substantial evidence and are contrary to law and regulation. Id. at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 3rd day of July, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**